**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

SUSAN A.,

                            Plaintiff,

        v.                                    5:24-CV-52
                                              (BKS/DJS)
MARTIN O'MALLEY,

                            Defendant.
_____

**APPEARANCES:**                      **OF COUNSEL:**

HILLER COMERFORD                      JUSTIN M. GOLDSTEIN, ESQ.
Attorney for Plaintiff
6000 North Bailey Avenue - Suite 1A
Amherst, New York 14226

U.S. SOCIAL SECURITY ADMIN.           FERGUS J. KAISER, ESQ.
OFFICE OF GENERAL COUNSEL
Attorney for Defendant
6401 Security Blvd.
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION AND ORDER[1]**

        Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a

decision by the Commissioner of Social Security that Plaintiff was not disabled.  Dkt.

No. 1.  Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and
N.D.N.Y.L.R. 72.3(c).

and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 9, 11-12. For the reasons set forth below, the Court recommends that Plaintiff's Motion for Judgment on the Pleadings be granted and Defendant's Motion be denied.

## I. RELEVANT BACKGROUND

### A. Background

Plaintiff was born in 1959. Dkt. No. 6, Admin. Tr. ("Tr."), p. 207. Plaintiff reported having received a GED and taking some college classes. Tr. at pp. 50-51. Plaintiff had past work experience as a mail deliverer and a postmaster. Tr. at pp. 52-53. Plaintiff alleged disability based upon a bad back and neck, hashimoto autoimmune disease, high blood pressure, diabetes type 2, foot problems, and bulging/herniated discs in her back. Tr. at p. 93. Plaintiff applied for disability and disability insurance benefits on June 10, 2021. *Id.* Plaintiff's application was initially denied in August 2021, Tr. at pp. 119-125, and upon reconsideration on January 11, 2022. Tr. at pp. 128-135. She then requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 136-137. The hearing took place before ALJ Jennifer Smith on October 25, 2022, at which Plaintiff and a vocational expert testified. Tr. at pp. 47-79. On December 12, 2022, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 18-37. On November 28, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-7.

**B. The ALJ's Decision**

In her decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2021 and had not engaged in substantial gainful activity between May 27, 2016, the alleged onset date, and her date last insured. Tr. at p. 21. Second, the ALJ found that Plaintiff had the following severe impairments: "diabetes mellitus, status post cervical fusion, status post lumbar surgery (in 2006), degenerative disc disease and stenosis of the cervical spine, degenerative disc disease and stenosis of the lumbar spine, plantar facial fibromatosis, and obesity." *Id.* Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 24. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform the exertional demands of sedentary work with certain limitations including:

> no climbing ladders, ropes and scaffolds; could occasionally balance as defined in the Selected Characteristics of Occupations (SCO); could occasionally kneel, crouch, crawl, climb ramps, climb stairs, and stoop; could frequently reach, push, and pull; and required the opportunity to stand for two minutes at thirty-minute intervals, but could stay on task at the workstation during the position change.

Tr. at p. 26. Fifth, the ALJ found that Plaintiff could perform her past relevant work as a postmaster. Tr. at p. 35. As a result, the ALJ found that Plaintiff was not disabled. Tr. at p. 37.

3

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that

which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained

"even where substantial evidence may support the plaintiff's position and despite that

the court's independent analysis of the evidence may differ from the [Commissioner's]."

*Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court

must afford the Commissioner's determination considerable deference, and may not

substitute "its own judgment for that of the [Commissioner], even if it might justifiably

have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health &*

*Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine

whether an individual is disabled as defined by the Social Security Act.  20 C.F.R. §§

404.1520, 416.920.  The Supreme Court has recognized the validity of this sequential

evaluation process.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The five-step

process is as follows:

> First, the [Commissioner] considers whether the claimant is currently
> engaged in substantial gainful activity.  If he is not, the [Commissioner]
> next considers whether the claimant has a "severe impairment" which
> significantly limits his physical or mental ability to do basic work
> activities.  If the claimant suffers such an impairment, the third inquiry is
> whether, based solely on medical evidence, the claimant has an
> impairment which is listed in Appendix 1 of the regulations.  If the
> claimant has such an impairment, the [Commissioner] will consider him
> disabled without considering vocational factors such as age, education,
> and work experience; the [Commissioner] presumes that a claimant who
> is afflicted with a "listed" impairment is unable to perform substantial

gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.  Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further."  *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff raises two grounds for remand in this proceeding.  First, she contends that the Appeals Council erred in not considering the opinion of Dr. Bianco.  Dkt. No. 9, Pl.'s Mem. of Law at pp. 10-20.  Second, Plaintiff alleges that the ALJ failed to identify substantial evidence in support of her findings.  *Id.* at pp. 20-25.  Defendant submits that the Appeals Council properly declined to consider additional evidence offered by Plaintiff, Dkt. No. 11, Def.'s Mem. of Law, pp. 6-12, and that the ALJ's decision was supported by substantial evidence.  *Id.* at pp. 12-13.  For the reasons that follow, the Court recommends that remand is required.

In seeking review of the ALJ's decision by the Appeals Council, Plaintiff submitted a medical source statement from Dr. Aaron Blanco.  Tr. at pp. 43-45.  That report was dated December 19, 2022, which was seven days after the ALJ's decision.

The Appeals Council did not consider the opinion because it concluded that the opinion "does not show a reasonable probability that it would change the outcome of the decision." Tr. at p. 2.

"The Appeals Council is obligated to consider 'new and material evidence.'" *Stratton v. Colvin*, 51 F. Supp. 3d 212, 218 (N.D.N.Y. 2014) (citing 20 C.F.R. § 404.970(b)). "New evidence is 'material' if it is: '(1) relevant to the claimant's condition during the time period for which benefits were denied and (2) probative.'" *Id.* (quoting *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004)). "When addressing the Appeals Council's consideration of new evidence, the Court must consider whether evidence is new and material, *i.e.*, was likely to affect the ALJ's determination." *Karen R. v. Berryhill*, 2019 WL 1284250, at *8 (N.D.N.Y. Mar. 20, 2019) (citing *Brown ex rel. S.W. v. Astrue*, 2008 WL 3200246, at *14 (N.D.N.Y. Aug. 5, 2008)).

Defendant maintains that this Court cannot consider the actions of the Appeals Council and is limited to reviewing whether the ALJ's decision is supported by substantial evidence. Def.'s Mem. of Law at pp. 6-9. However, "[t]he role of the district court is to determine if the Appeals Council erred when it determined that the new evidence was insufficient to trigger review of the ALJ's decision." *Samantha D. v. Comm'r of Soc. Sec.*, 2020 WL 1163890, at *4 (N.D.N.Y. Mar. 11, 2020). "As such, the issue before the Court is whether the new evidence altered the weight of the evidence before the ALJ so dramatically as to require the Appeals Council to take the case." *Laura D. v. Comm'r of Soc. Sec.*, 2022 WL 4181570, at *12 (N.D.N.Y. Sept. 13, 2022),

7

*report and recommendation adopted*, 2022 WL 4591841 (N.D.N.Y. Sept. 30, 2022) (internal quotation, citation, and alterations omitted).

Defendant argues that the new evidence would not have had any impact on the ALJ's conclusion because of Dr. Bianco's limited treatment history with Plaintiff and the lack of objective evidence in support of his conclusions.  Def.'s Mem. of Law at p. 9.  In her decision, the ALJ made note of several specific facts that demonstrate that the new opinion could have altered the decision.  She noted favorable progress notes from treating providers finding that they demonstrated that Plaintiff "retained considerable physical capacity" and "do not support the degree of impairment alleged."  Tr. at p. 32. In support of that conclusion, the ALJ relied on a single comment from a stress test result dating to 2016.  *See* Tr. at p. 373.  Dr. Bianco's opinion, dated six years after that test, noted significant physical limitations, Tr. at pp. 43-45, and the Court presumes that the ALJ would have at least considered, if not placed more weight on the more recent medical opinion of a treating provider.  That is especially true given the ALJ's notation that no opinion from Dr. Bianco was then in the record.  Tr. at p. 32.  The ALJ also clearly discounted Plaintiff's claimed postural limitations because medical sources had not identified such problems.  Tr. at p. 33.  Dr. Bianco's opinion, however, does so and is at least arguably consistent with Plaintiff's testimony regarding such limitations.  Tr. at pp. 44 & 61-66.

The Court, therefore, disagrees that "the evidence at issue – [an] opinion[] from Plaintiff's treating physician[] identifying limitations in excess of those found by the

ALJ - is [] so clearly immaterial on its face that the Court can determine on its own review that it could [] not have changed the ALJ's determination." *Lekia Monique M. v. Comm'r of Soc. Sec.*, 2022 WL 4298262, at *4 (W.D.N.Y. Sept. 19, 2022). The opinion also notes limitations inconsistent with the ALJ's analysis of Plaintiff's functional abilities and thus could have altered her conclusions. This warrants remand. *Gene L. v. Comm'r of Soc. Sec.*, 2022 WL 178968, at *8 (D. Vt. Jan. 20, 2022); *Patrick M. v. Saul*, 2019 WL 4071780, at *8 (N.D.N.Y. Aug. 28, 2019).

As noted, the Appeals Council declined to consider the new evaluation based solely on a finding that it would not likely have changed the outcome. Tr. at p. 2. Defendant relies on the several additional grounds for rejecting Dr. Bianco's opinion, including Plaintiff's delay in submitting it and the lack of clarity about the time period applicable to the opinion as grounds for not considering it. Def.'s Mem. of Law at pp. 9-12. The Appeals Council, however, referenced none of these. Tr. at p. 2. "[T]he Second Circuit has explained that a reviewing court may not accept appellate counsel's post hoc rationalizations for agency action." *Lekia Monique M. v. Comm'r of Soc. Sec.*, 2022 WL 4298262, at *4 (internal quotations, citations, and alterations omitted). The Court, therefore, does not consider these alternative grounds for affirming the Appeals Council's finding.

Given that the Court cannot say that the opinion of Plaintiff's treating provider would not have altered the ALJ's analysis, remand for consideration of that opinion is warranted.

9

## IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

**RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings be **DENIED**; and it is further

**RECOMMENDED**, that Defendant's decision denying Plaintiff disability benefits be **REMANDED pursuant to sentence four** for further proceedings; and it is

**ORDERED**, that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72

& 6(a).

Dated: October 22, 2024
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge